**RABINOVICH SOKOLOV LAW GROUP LLC**
Jason Rabinovich, Esquire
Identification No. 308167
226 Walnut St
Philadelphia, PA 19106
Tel: (215) 717-2200
E-mail: jason@rslawgroup.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHG COMPANIES, INC. d/b/a COMPHEALTH, a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CKHS, INC., f/k/a/ CROZER-KEYSTONE HEALTH SYSTEM, a Pennsylvania corporation,<br><br>    Defendant. | Civil Action No. 2:24-cv-00892 |

**PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT**

Plaintiff CHG Companies, Inc. d/b/a CompHealth, by and through its undersigned

counsel, hereby filed its first amended verified complaint action against Defendant CKHS, INC

d/b/a Crozer-Keystone Health System, and in support thereof, avers as follows:

**PARTIES**

1.      Plaintiff CHG Companies, Inc. d/b/a CompHealth ("Plaintiff" or "CompHealth")

is a Delaware corporation (i.e. its state of incorporation is Delaware), with its principal place of

business at 7259 Bingham Junction Boulevard, Midvale, Utah 84047.

2.      Defendant CKHS, INC d/b/a Crozer-Keystone Health System ("Defendant") is a

Pennsylvania corporation (i.e. its state of incorporation is Pennsylvania) with its principal place

of business located at 1 Medical Center Boulevard, Upland, PA 19013.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332.

4.      This Court has personal jurisdiction over Defendant pursuant to 28 U.S.C.

§1391(b) (2).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) (2).

## FACTUAL ALLEGATIONS

6.      On or about March 21, 2008, CompHealth and Defendant entered into a Service

Agreement For Physician Locum Tenens Coverage Fees in Signed Acceptance Letter (the

"Agreement"). The Agreement is attached hereto as Exhibit "A".

7.      Pursuant to the Agreement, CompHealth was to present healthcare professionals

to Defendant for Defendant's consideration for temporary assistance at Defendant's facility.

8.      CompHealth presented Drs. Jessica Sterling, Joel Loewenstein, Rasheda Vereen,

Adesanmi Ojo, and Jacques Khoury (the "Physicians") to Defendant.

9.      Defendant accepted the Physicians to work at its facility.

10.      CompHealth sent confirmation letters (the "Letters") to Defendant to confirm

acceptance of the Physicians.

11.      CompHealth sent Letters to Defendant for Dr. Sterling on or about April 6, 2023,

April 20, 2023, April 27, 2023, and June 1, 2023.

12.      Dr. Sterling began providing services for Defendant in or around May 2023.

13.      CompHealth sent Letters to Defendant for Dr. Loewenstein on or about April 12,

2023.

14.     Dr. Loewenstein began providing services for Defendant in or around April 2023.

15.     CompHealth sent Letters to Defendant for Dr. Vereen on or about April 26, 2023.

16.     Dr. Vereen began providing services for Defendant in or around May 2023.

17.     CompHealth sent Letters to Defendant for Dr. Ojo on or about July 28, 2023.

18.     Dr. Ojo began providing services to Defendant in or around December 2022.

19.     CompHealth sent Letters to Defendant for Dr. Khoury on or about October 21, 2022, March 22, 2023, and May 23, 2023.

20.     Dr. Khoury began providing services for Defendant in or around and December 2022.

21.     CompHealth sent invoices to Defendant for the fees Defendant incurred.

22.     CompHealth has not received payment for the fees Defendant incurred.

## COUNT I
### Breach of Contract

23.     CompHealth re-alleges the foregoing allegations as if fully stated herein.

24.     The Agreement and the Letters constitute valid, binding contracts between CompHealth and Defendant.

25.     CompHealth performed its contractual obligations.

26.     Defendant breached its contractual obligation by failing to pay the fees owed under the Agreement.

27.     Defendant's breaches are material and unjustified.

28.     Defendant owes, and CompHealth has been damaged in the amount of, $652,886.29 plus pre- and post-judgment interest at the rate of one and one-half percent per month (which is $9,793.29 per month) from November 13, 2023 (which is the last date

Defendant defaulted on the Agreement), and attorney fees, costs, and expenses of collection as allowed per the Agreement.

WHEREFORE, Plaintiff CHG Companies, Inc. d/b/a CompHealth prays for judgment against Defendant and in favor of CompHealth in an amount to be proven at trial that is at least $652,886.29 plus pre- and post-judgment interest at the rate of one and one-half percent per month (which is $9,793.29 per month) from November 13, 2023 (which is the last date Defendant defaulted on the Agreement), and attorney's fees, costs, and expenses of collection as allowed per the Agreement, and any other such relief the Court finds just and proper.

**COUNT II**
**Breach of Good Faith and Fair Dealing**

29.     CompHealth re-alleges the foregoing allegations as if fully stated herein.

30.     The Agreement and the Letters contain an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

31.     As alleged above, Defendant has willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

32.     As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, CompHealth has been damaged in the amount of $652,886.29 plus pre- and post-judgment interest at the rate of one and one-half percent per month (which is $9,793.29 per month) from November 13, 2023 (which is the last date Defendant defaulted on the Agreement), and attorney fees, costs, and expenses of collection as allowed per the Agreement.

WHEREFORE, Plaintiff CHG Companies, Inc. d/b/a CompHealth prays for judgment against Defendant and in favor of CompHealth in an amount to be proven at trial that is at least

$652,886.29 plus pre- and post-judgment interest at the rate of one and one-half percent per month (which is $9,793.29 per month) from November 13, 2023 (which is the last date Defendant defaulted on the Agreement), and attorney's fees, costs, and expenses of collection as allowed per the Agreement, and any other such relief the Court finds just and proper.

## COUNT III
### Unjust Enrichment, *in the alternative*

33.     CompHealth re-alleges the foregoing allegations as if fully stated herein.

34.     CompHealth presented and provided the Physicians to provide services to Defendant.

35.     By providing the Physicians to Defendant, CompHealth conferred a benefit on Defendant.

36.     Defendant knew of and appreciated that CompHealth provided services to Defendant, including, but not limited to, the services rendered by the Physicians.

37.     Defendant accepted the benefit by accepting CompHealth's services.

38.     It is inequitable for Defendant to retain the benefit provided by CompHealth without payment for the benefit's value.

39.     CompHealth has been damaged in an amount that is at least $652,886.29 for unpaid fees plus pre- and post-judgment interest at the statutory rate.

WHEREFORE, Plaintiff CHG Companies, Inc. d/b/a CompHealth prays for judgment against Defendant and in favor of CompHealth in an amount to be proven at trial that is at least $652,886.29, plus pre- and post-judgment interest at the statutory rate, and any other such relief the Court finds just and proper.

DATED: March 1, 2024.

        RESPECTFULLY SUBMITTED,
        **Rabinovich Sokolov Law Group LLC**

        BY:  /S/ JASON RABINOVICH
        Jason L Rabinovich, Esquire
        *Attorney for Plaintiff*

## **VERIFICATION**

I, Victor Garcia, declare under penalty of perjury that I am AR Legal Specialist for Plaintiff, CHG COMPANIES, INC. d/b/a COMPHEALTH, and that the facts containing in the foregoing First Amended Verified Complaint are true and correct. This Declaration/Verification is made under penalty of perjury pursuant to 28 U.S.C. §1745.

Executed this __1st__ day of March, 2024.

_____
Victor Garcia, AR Legal Specialist
On behalf of CHG COMPANIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I did cause a true and correct copy of Plaintiff's First Amended

Verified Complaint to be sent for service on Defendant via personal service, on or about the date

indicated below.

                                        **Rabinovich Sokolov Law Group LLC**

                                        BY: /s/ Jason Rabinovich
                                        Jason Rabinovich, Esquire
                                        *Attorney for Plaintiff*

Dated: March 1, 2024